Michael F. Thomson (#9707)
Peggy Hunt (#6060)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: thomson.michael@dorsey.com
    hunt.peggy@dorsey.com

*Attorneys for Michael F. Thomson, Chapter 7 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| In re: | Bankr. Case No. 14-31575 |
|---|---|
| CHERYL ANN CASON, | Chapter 7 |
| Debtor. | The Honorable William T. Thurman |

### CHAPTER 7 TRUSTEE'S MOTION TO SELL PROPERTY OUT OF THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF INTERESTS AND SUBJECT TO HIGHER AND BETTER OFFERS

Pursuant to 11 U.S.C. § 363(b) and (f), as well as Federal Rule of Bankruptcy Procedure 6004, Michael F. Thomson, the duly appointed Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Cheryl Ann Cason (the "Debtor"), hereby moves this Court for entry of an Order approving the sale of the Debtor's interests in mineral and royalty rights relating to certain oil and gas leases, free and clear of interests and subject to higher and better offers, with valid interests in such property attaching to the net sale proceeds. In support hereof, the Trustee states as follows:

1

4823-7231-3379\1

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### *General*

4. On October 30, 2014, the Debtor filed a petition seeking relief under Chapter 7 of the Bankruptcy Code, and the Trustee was appointed as the Chapter 7 trustee of the Debtor's bankruptcy estate.

5. Since his appointment, the Trustee has engaged in an investigation of the Debtor's assets, and a component of the assets comprising the Debtor's estate are the rights, title, and interests of the Debtor and the bankruptcy estate in and to all of the oil, gas (including other gaseous substances or associated substances), coal and other minerals of any type or nature, in and under and that may be produced from or attributed to lands situated in the State of Oklahoma, including, without limitation, those lands described on **Exhibit A** attached hereto, including, but not limited to, all right, title and interest in and to those lands, mining claims and premises, and any wells described therein; *together with* all right, title and interest in and to each and every mineral, mineral interest, royalty interest, non-participating royalty interest, working interest, overriding royalty interest, oil, gas (including other gaseous substances or associated substances) or mineral lease, and every interest of every description whatsoever in leased, unleased, producing, non-producing, produced, stored, severed and unsevered interests in oil, gas

(including other gaseous substances or associated substances) and other minerals of every conceivable type and description, including any related rights of way, easements, or other surface rights, if any, owned by the Debtor or the bankruptcy estate, legally or equitably, prepetition, if any, for any and all property situated in the State of Oklahoma; *together with* the right of ingress and egress at all times for the purpose of mining, drilling, exploring, operating and developing said lands for oil, gas (including other gaseous substances or associated substances), coal and other minerals, and storing, handling, transporting and marketing the same therefrom with the right to remove from said land all of Grantee's property and improvements; *together with* any revenue received or receivable by the Debtor or the bankruptcy estate from and after March 13, 2015 (including all suspended and escheated funds attributable to periods prior to March 13, 2015); *together with* any after-acquired title (collectively, the "Property").

## The Proposed Sale of the Property

6. On March 10, 2015, the Trustee notified potentially interested parties which, based on the Trustee's experience, might be interested in acquiring the Property and set a deadline of April 10, 2015, for interested parties to either submit a bid for the Property or request additional information about the Property.[1]

7. The Trustee received four bids for the purchase of the Property and the highest offer that the Trustee has received to date is from LHB Ventures, LLC ("LHB"), which offered the Trustee $9,200.00 for the Property, contingent on the Property being sold free and clear of all liens and encumbrances.[2]

---

[1] *Declaration of Michael F. Thomson in Support of Chapter 7 Trustee's Motion to Sell Property Out of the Ordinary Course of Business, Free and Clear of Interests, and Subject to Higher and Better Offers* (the "Declaration"), at ¶ 4.

[2] *Id.* at ¶ 5.

3

4823-7231-3379\1

8. The Trustee requests Court authorization to sell the Property to LHB for $9,200.00, subject to the Trustee receiving higher and better offers as set forth below.

9. The Trustee further requests that the Court approve a 5% break-up fee in the amount of $460.00 to be paid to LHB in the event that the Property is sold to another bidder who has made a higher and better offer for the Property.

10. The Property is being sold **"as is," "where is," with no representations, warranties, or guarantees of any kind**.

### *Competing Offers*

11. As stated above, the sale of the Property to LHB is subject to higher and better offers. If the Trustee receives an offer for the Property that he deems, in his sole and absolute discretion, to be higher and better (a "Qualified Offer"), then the Trustee will give written notice to LHB, as well as to any other parties that have submitted a Qualified Offer, of his intent to conduct an auction of the Property. Any auction of the Property will be conducted by the Trustee on May 22, 2015 at 11:00 a.m. (Mountain Time) at the offices of Dorsey & Whitney LLP, 136 South Main Street, Salt Lake City, Utah 84101. Persons or entities desiring to take part in the auction must attend the auction in person or by telephone, and the Trustee will make appropriate arrangements for any party wishing to take part in the auction telephonically.

12. If an auction is held relating to the Property, the Trustee shall determine, in his sole and absolute discretion, which offer made at the auction constitutes the highest and best offer. Immediately thereafter, the Trustee shall report the results of the auction by filing a Notice of Auction Sale with the Court, and it will be the sale to the winning auction bidder for which Court approval shall be sought pursuant to this Motion.

4823-7231-3379\1

13. To be a Qualified Offer, the offer must: (a) be greater than $9,660.00; (b) be submitted to the Trustee in writing so that it is received by the Trustee and his undersigned counsel by no later than May 18, 2015 at 3:00 p.m. (Mountain Time) (the "Bid Deadline"); and (c) be accompanied with proof of immediate ability to pay for the Property.

14. In the event of an auction, no offer will be deemed to be a winning bid unless the bidder has taken part in the auction, either in person or by telephone, and submits proof sufficient to the Trustee that it has immediate ability to pay for the Property.

15. If no higher or better offers are received by the Trustee prior to the Bid Deadline, LHB shall be the buyer of the Property for purposes of this Motion.

## RELIEF REQUESTED

16. By this Motion, the Trustee seeks the entry of an Order approving the sale of the Property, free and clear of liens and encumbrances, with valid interests in the Property attaching to the net sale proceeds.

## APPLICABLE AUTHORITY

I. **The Sale of the Property Out of the Ordinary Course of Business Is Warranted**

17. The Bankruptcy Code provides that the "trustee, after notice and a hearing, may use, sell, lease, other than in the ordinary course of business, property of the estate."[3]

18. In order to approve a sale of a Debtor's assets outside the ordinary course of business, the Trustee must show that:

    a. a sound business reason exists for the sale;

---

[3] 11 U.S.C. § 363(b)(1).

5

      b.    there has been adequate and reasonable notice to interested parties, including full disclosure of the sale terms and the Debtor's relationship with the buyer;

      c.    the sale price is fair and reasonable; and

      d.    the proposed buyer is proceeding in good faith.[4]

19.    The Trustee has met all four parts of this test, and as such, he respectfully requests that the Court grant the relief requested in this Motion by authorizing the proposed sale of the Property.

### *Sound Business Purpose*

20.    Courts show great deference to a trustee's decisions.[5] Additionally, a "presumption of reasonableness" attaches to the decisions of those controlling a debtor.[6]

21.    The Trustee submits that the proposed sale of the Property pursuant to the above terms and procedures is based on sound business judgment, and the Trustee has made an independent and informed decision based on his knowledge of the Property that the proposed sale terms and procedures are the best way to maximize the Property's value for the benefit of the Debtor's creditors.[7]

22.    Therefore, in his business judgment, the sale of the Property pursuant to the above terms and procedures is in the best interest of the Debtor's estate.[8]

---

[4] *See In re Med. Software Solutions*, 286 B.R. 431, 439–40 (Bankr. D. Utah 2002).
[5] *See Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981).
[6] *In re Johns-Manville Corp.*, 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986).
[7] Declaration at ¶6.
[8] *Id.* at ¶ 7.

4823-7231-3379\1

*Notice of the Proposed Sale Is Appropriate*

23. Adequate and reasonable notice of the proposed sale, including full disclosure of the material terms of the sale, will be made to all interested parties in the Debtor's case.

24. The Trustee will serve a Notice of Hearing (the "Notice") upon all creditors and parties-in-interest in the Debtor's bankruptcy case, which Notice shall provide, among other things, notice of the hearing on this Motion, a general description of the Property and the material terms of the proposed sale. Additionally, the Trustee will serve the Notice upon all parties who previously expressed an interest in purchasing the Property, including all parties that previously submitted an offer to the Trustee for the Property.[9]

25. The Trustee asserts that the above notice procedures are fair, reasonable, and afford notice as required under the Bankruptcy Code.[10]

*Fair and Reasonable Price*

26. The Trustee believes that the sale of the Property as proposed herein is fair, reasonable and will ensure that the estate obtains the highest and best price for the Property. In his business judgment, the Trustee has already received a fair and reasonable offer from LHB to purchase the Property for $9,200.00. Additionally, if the Trustee receives a Qualified Offer, the auction of the Property will create a competitive bidding process that ensures the Property will be sold for a fair and reasonable price.[11]

*Good Faith Purchaser*

27. The Trustee believes that the Property will be sold to a good faith purchaser.[12]

---

[9] *Id.* at ¶ 8.
[10] Declaration at ¶ 8.
[11] *Id.* at ¶ 9.
[12] *Id.* at ¶ 10.

7

28. Although the Bankruptcy Code does not define "good faith," the Tenth Circuit has determined, in the context of 11 U.S.C. § 363(m), that a "good faith" purchaser is "one that buys in good faith, and for value."[13] Actions that destroy a purchaser's good faith include "fraud, collusion between the purchaser and other bidders or trustee, or an attempt to take grossly unfair advantage of other bidders."[14]

29. To the best of the Trustee's knowledge, LHB is a third-party purchaser who has no connections to the Trustee, the Trustee's professionals, the Office of the United States Trustee or its employees, the Debtor or the Debtor's creditors.[15]

30. Moreover, the sale of the Property to LHB is subject to higher and better offers. Thus, if the Trustee receives a Qualified Offer, the auction procedures make certain that the Property is sold for a fair and reasonable value.[16]

### *A Sale of the Property Free and Clear of Interests Is Appropriate*

31. 11 U.S.C. § 363(f) states that a trustee may sell estate property free and clear of interests, if:

> (1) applicable non-bankruptcy law permits the sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or

---

[13] *Tompkins v. Frey (In re Bel Air Assocs., Ltd.)*, 706 F.2d 301, 304 (10th Cir. 1983).
[14] *Id.* at 305 n.11 (citation omitted); see also *In re Lotspeich*, 328 B.R. 209 (10th Cir. BAP 2005).
[15] Declaration at ¶ 11.
[16] Declaration at ¶ 10.

8

(5)   such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

32.   Because Section 363(f) is in the disjunctive, the satisfaction of any one of the requirements enumerated therein will warrant the Trustee's proposed sale of the Property free and clear of any and all interests.

33.   The Trustee is not aware of any liens or interests in the Property. However, to the extent any party asserts a lien against, or interest in the Property, the Trustee believes that such party will be adequately protected as the purported lien or interest would attach to the net proceeds of the sale.

34.   Accordingly, the Trustee requests that the Court grant this Motion by authorizing the sale of the Property free and clear of any interests pursuant to 11 U.S.C. §§ 363(b) and (f).

## CONCLUSION

WHEREFORE, the Trustee requests that the Court grant this Motion and authorize the sale of the Property, "as is," "where is," and free and clear of all liens and encumbrances, with any valid interests in the Property attaching to the net sale proceeds.

DATED this 23rd day of April, 2015.

Michael F. Thomson
Peggy Hunt
DORSEY & WHITNEY LLP
*Attorneys for Chapter 7 Trustee*

9

4823-7231-3379\1

## CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)

I hereby certify that on this 23rd day of April, 2015, I electronically filed the **CHAPTER 7 TRUSTEE'S MOTION TO SELL PROPERTY OUT OF THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF INTERESTS AND SUBJECT TO HIGHER AND BETTER OFFERS** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF uses and will be served through the CM/ECF system.

- Mary Margaret Hunt    hunt.peggy@dorsey.com, long.candy@dorsey.com
- Michael F. Thomson    thomson.michael@dorsey.com, montoya.michelle@dorsey.com;ventrello.ashley@dorsey.com
- Michael F. Thomson tr    thomson.michael@dorsey.com, UT17@ecfcbis.com;montoya.michelle@dorsey.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

## CERTIFICATE OF SERVICE – MAIL, OTHER

I further certify that on this 23rd day of April, 2015, I caused to be served a true and correct copy of the foregoing as follows:

**Mail Service – By regular first class United States Mail, postage fully pre-paid, addressed to:**

Cheryl Ann Cason
2995 Bret Drive
Grand Junction, CO 81504

C. Spencer Brant
John G. Brant Jr.
LHB Ventures, LLC
P.O. Box 46063
Denver, CO 80201-6063

Emily McCullis
ECM Resources, Inc.
P.O Box 3668
Littleton, CO 80161

Al Bacon
M IV OPS, Inc.
Bldg 2, Suite 204
9310 Broadway
San Antonio, TX 78217

Eugene Davidzon
1246 Martha Custis
Alexandria, VA 22302

_/s/ David Lala_

# **EXHIBIT A**

<u>All of Grantor's interest in and to</u>:

<u>Township 2 North, Range 16 East</u>

Section 5
Section 7
Section 8
Section 17
Section 18

<u>Township 3 North, Range 16 East</u>

Section 31
Section 32

<u>Township 5 North, Range 13 East</u>

Section 22
Texas County, Oklahoma.